# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

SHEA BELCHER,

       Plaintiff

vs.

DANIEL M. KING, JR., Special
Assistant Attorney General,

       Defendant

NO. 5:08-CV-36 (HL)

**O R D E R**

Plaintiff **SHEA BELCHER**, a prisoner at Autry State Prison in Pelham, Georgia, has tendered a handwritten *pro se* document entitled "Complaint for Breach of Contract."[1] This is the second of two complaints filed by plaintiff on the same day. Although plaintiff captions his complaint as one for breach of contract, the only possible basis for federal jurisdiction would appear to be 42 U.S.C. § 1983. Section 1983 provides the statutory vehicle for most federal court suits against persons acting under color of state law to redress violations of federal civil rights.

In his complaint, plaintiff alleges that the defendant, Daniel M. King, Jr., a Special Assistant Attorney General in Dublin, Georgia, failed to "uphold and support both the U.S. Constitution and the Constitution of the State of Georgia," and "faithfully discharge the responsibilities of his office." Plaintiff appears to complain that King did not properly "address" plaintiff's state habeas corpus petition filed in Montgomery County, Georgia.[2] Plaintiff seeks $2 million dollars in damages.

---

[1] Parties instituting any non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action. Solely for purposes of this Court's dismissing plaintiff's complaint, leave to proceed *in forma pauperis* is hereby granted.

[2] According to the website for the Supreme Court of Georgia, petitioner's habeas appeal is pending (06-CV-209) in that court.

Initially, the Court notes that venue in this district is improper. The venue provision of 28 U.S.C. § 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

The defendant lives in Dublin, Georgia, and plaintiff's habeas petition was filed in Montgomery County, Georgia, both of which are located within the Southern District of Georgia. 28 U.S.C. § 90(c)(2). Accordingly, the proper venue for plaintiff's claims is the Southern District of Georgia, not this district.

Title 28 U.S.C. § 1406(a) provides that if jurisdiction is not proper in a court, that court may transfer the case to another court in which jurisdiction would be proper. However, the court should transfer the case only if doing so is in the interest of justice. A transfer of this case would not be in the interests of justice because the defendant is absolutely immune from damages liability. A prosecutor enjoys absolute immunity regarding his function as an advocate for the State. *Jones v. Cannon*, 174 F.3d 1271, 1281-83 (11th Cir. 1999).

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 27th day of February, 2008.

                                                  s/ Hugh Lawson
                                                  HUGH LAWSON
                                                  UNITED STATES DISTRICT JUDGE

cr